UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| William Howard Rutland, III, # 09030325, | ) | **C/A No. 8:09-2430-SB-BHH** |
|---|---|---|
| aka William H. Rutland, III, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Rebecca L. Wenrich, *Nurse*, | ) | |
| Defendant. | ) | |

**Background**

The Plaintiff is a detainee at the Hill-Finklea Detention Center, which is the detention center for Berkeley County. The Defendant is a Nurse at the Dorchester County Detention Center. The above-captioned case is the fourteenth civil action filed by the Plaintiff in this federal district court in 2009.

The "Statement of Claim" portion of the § 1983 complaint reveals that this civil rights action arises out of the alleged misidentification of a half-pill that was discovered when the Plaintiff entered the Dorchester County Detention Center. The Plaintiff states that the pill was half of an antibiotic pill he had previously been prescribed for the treatment for a staph infection at the Hill-Finklea Detention Center. The Plaintiff alleges he put the half-pill in an envelope and forgot about it. The Plaintiff alleges that the half-pill was mis-identified

1

as Lortab or hydrocodone by the Defendant. The Plaintiff was disciplined for possessing the pill and he alleges that he was labeled a "pill-head." The Plaintiff states that he was not provided a disciplinary hearing, was placed in lock up, and was denied showers and exercise.

**Discussion**

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The alleged misidentification of the half-pill by the Defendant is not actionable because negligence is not a basis for liability under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). *Cf. DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Moreover, the alleged constitutional violations - the failure to provide a disciplinary hearing, placement in lock-up, and denial of showers and exercise - are not the Defendant's responsibility. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official

personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action No. 0:07-1641-HFF-BM and Civil Action No. 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*). As noted above, the Defendant is a Nurse and she is not responsible for the Plaintiff's custody level or the provision of a disciplinary hearing at the Dorchester County. Accordingly, she is entitled to summary dismissal. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Furthermore, the above-captioned case is also subject to summary dismissal because the Plaintiff's claims relating to his placement in lock-up, the alleged failure to provide a disciplinary hearing, and the denial of exercise and showers are being addressed in Civil Action No. 8:09-0274-SB-BHH. *See William Howard Rutland, III v. Dorchester County Detention Center; Terry Van Doran, Captain DCSD; Southern Health Partners; and Dr. Wimberly, Sr., Physician DCDC*, Civil Action No. 8:09-0274-SB-BHH. It can be judicially noticed that the plaintiff has a pending case concerning his prior confinement at the Dorchester County Detention Center. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and

the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

## Conclusion and Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The Plaintiff's attention is directed to the Notice on the next page.

September 24, 2009  s/Bruce Howe Hendricks
Greenville, South Carolina  United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).